## No. 14,333.

In the Matter of the Application of Wier for a Writ of Habeas Corpus.

(78 P. [2d] 1094)

Decided May 2, 1938.

Mr. TRACY C. CAMERON, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. CECIL E. SYDNER, Mr. HENRY E. LUTZ, Assistants, for respondent.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error was sentenced to serve a term of from one to five years for grand larceny by the district court of Fremont county and was received at the penitentiary March 8, 1935. After being made a trusty, he was, on October 3, 1935, released from the penitentiary under parole. After October 28, 1937, he was declared to be a parole violator by the warden of the penitentiary and again committed to prison to serve out the sentence as provided by statute. Upon the claim that by allowing the statutory and additional "trusty" allowances for good time, his sentence had been fully served prior to October 28 and that on said date he was not a parole violator, he filed his petition in the district court of Fremont county January 3, 1938, for a writ of habeas corpus. The writ issued and the respondent filed a demurrer to the petition alleging that it did not state facts sufficient to constitute a cause of action. On hearing the demurrer was sustained,

the writ recalled, vacated and set aside and the action dismissed. Error is assigned to this judgment and application is made for supersedeas.

So far as petitioner is concerned, the judgment operates in a negative way. Supersedeas is therefore not available and the application therefor is denied. The question here presented and determinative of the proceeding is: Do applicable statutes, relating to allowance of good time to paroled prisoners, so operate upon calculation as to have automatically ended the sentence imposed upon petitioner before he was declared a parole violator and reincarcerated? If so, his discharge under the writ should have followed.

Statutes and pertinent parts thereof controlling this controversy are as follows:

"Every convict who is now, or may hereafter be, imprisoned in the penitentiary, and who shall have performed faithfully, and all who shall hereafter perform faithfully, the duties assigned to him during his imprisonment therein, shall be entitled to a deduction from the time of his sentence for the respective years thereof, and proportionately for any part of a year, when there shall be a fractional part of a year in the sentence, to-wit: For the first year, one month; for the second year, two months; for the third year, three months; for the fourth year, four months; for the fifth year, five months; for the sixth and succeeding year, six months." '35 C. S. A., c. 131, §73, S. L. '21, p. 190, §1.

"Hereafter convicts of the state penitentiary undergoing sentence in accordance with law who shall or may be engaged in work connected with said penitentiary within or outside the walls of said institution, and known as 'trusty prisoners' and who shall be employed on the ranches or gardens, lime kilns or quarries, stone yards or quarries, or upon public roads and highways in this state in accordance with the law, or at any other class of work within or without the wall, of said prison, and who shall

conduct themselves in accordance with the rules of the prison and perform their work in a creditable manner, may, upon approval of the warden, be granted such good time in addition to that allowed by law as the board of corrections or other managing board of said institution may order, not to exceed ten days in any one calendar month.'' '35 C. S. A., c. 131, §74, S. L. '31, p. 219, §1.

''This subdivision shall not be construed in any sense to operate as a discharge of any convict paroled under its provisions but simply a permit to any such convict to go without the enclosure of the penitentiary, and if, while so at large, he shall so behave and conduct himself as not to incur his reincarceration, then he shall be deemed to be still serving out the sentence imposed upon him by the court and shall be entitled to good time the same as if he had not been paroled. But if the said paroled prisoner shall be returned to the said penitentiary, as hereinbefore provided, then he shall serve out his original sentence as provided for in the preceding section.'' '35 C. S. A., c. 48, §550, S. L. '99, p. 234, §6.

It is not disputed that petitioner is entitled to the statutory good time provided in section 73, supra. But full credit under this statute in the present case is not sufficient good time allowance to complete the sentence imposed. The character of the statute is such that the presumption is in favor of petitioner, and respondent must show in an affirmative way that petitioner's claim here made is defeated. This, respondent has not attempted to do, and we therefore assume that petitioner has complied with the conditions of the statute. This statute does not form a part of the sentence, but it is a provision looking forward toward an inducement for good conduct on the part of a prisoner for which the reward of good time may be given if earned by him.

Section 74 permits the prison authorities and those connected with the institution to make extra allowance for good time for ''trusty'' prisoners who may be engaged in

work connected with the penitentiary within or without its walls. The work and conduct of the prisoner must meet the approval of the warden, in which event the additional good time allowance may be ordered. It is obvious that the additional good time must be earned by the prisoner. It does not follow that he could be credited for this additional good time in any event, neither does it follow, nor can it be assumed as petitioner contends, that because he was released on parole that he would be then deemed a "trusty" within the meaning of the statute and still engaged in work for the penal institution for which certain credits could be earned. Neither does it follow that it must be assumed that while on parole and at large, he conducted himself according to the rules of the prison, nor that he was earning credits by doing certain work. It is obvious that he is not then receiving the approval of the warden necessary for additional credits. It is apparent that petitioner fails to distinguish between the statutory good time provided by section 73, supra, and the additional good time which he may earn under certain approved conditions. Before he is entitled to the additional good time or, otherwise termed, "trusty" time, there must be a determination by the prison authorities under the course of procedure indicated, that the prisoner has earned the additional good time, or credit on his sentence. This is a condition precedent to his right to the benefit of such additional credits. Apparently, in the consideration of this matter, it is conceded that the petitioner had been credited, upon computation, with the full statutory allowance for what may be termed passive good behavior. With this full credit, the balance of his sentence was unexpired at the time he was declared a parole violator. The time which petitioner has computed in his favor is the provisional or conditional allowance, to be made within the discretion of the prison authorities, with the approval of the warden under the provisions of the statute. Petitioner has erroneously calculated this matter in his favor;

326

is therefore subject to the conditions of his parole, and if same have been violated, which is evident from the record, the judgment of the trial court in dismissing his petition was right and is therefore affirmed.