Mr. Justice Moore
delivered the opinion of the Court.
*70 This is an original proceeding in which plaintiff in error, to whom we will refer as petitioner, applied to this court for a rule directed to the above named respondents requiring them to show cause why an order admitting one Brian Richard Madonna to bail, should not be vacated and held for naught. Upon the petition filed in this behalf we issued the rule as requested, and respondents have made their answer. The pertinent facts are as follows:
Civil Action No. 53427 pending in the respondent court is entitled “In the Matter of the Petition of Brian Richard Madonna for a Writ of Habeas Corpus.” It was in that proceeding that the respondents admitted Madonna to bail under the following circumstances: On August 26, 1963, Madonna was sentenced after being found guilty of the crime of “no account check.” He was later placed on parole. August 27, 1964, while on parole, he was arrested for investigation of burglary and held for parole violation. On August 28, 1964, the Parole Department dropped its hold on him for parole violation, and a few days after his arrest he was informed against for the crimes of burglary, larceny, receiving stolen goods, and conspiracy to commit each of those crimes. He entered separate pleas of not guilty to each of the aforementioned crimes and trial was set for December 14, 1964. September 14, 1964, Madonna was released on bond. He was immediately thereafter arrested for parole violation and returned to the State Reformatory, and on or about September 28, 1964, his parole was revoked. He filed a petition for habeas corpus in which he contended that his parole had not been revoked pursuant to statutory requirements. A writ of habeas corpus was issued and after return was made thereto the court conducted a hearing, at the conclusion of which the writ was discharged. However, the court did not remand Madonna to the State Reformatory but granted his application for bond pending review of the habeas corpus proceeding by this court.
*71 Question to be Determined.

In a habeas corpus proceeding, where the trial court has heard the case and discharged the writ, does that court have power to release a prisoner on bond who has been legally convicted and sentenced for commission of a crime, pending a reivew of the judgment dismissing the writ?

 The answer is in the negative. The applicable general rule is stated in 39 C.J.S. Habeas Corpus, § 115 (c), as follows:
“Admission to bail pending proceedings for review of an order or judgment in a habeas corpus proceeding is largely statutory. Thus apart from applicable statute authorizing admission to bail in such a case, where the habeas corpus proceedings were dismissed and the prisoner remanded, the court will not admit to bail pending an appeal and thereby grant indirectly the very relief which was previously denied him.”
There is no statutory authority for the granting of bail at any stage in the habeas corpus proceeding involved in this case. The above quoted general rule is applicable. The discharge of the writ by the trial court operated in a negative way as to Madonna. Under such circumstances this court would not grant supersedeas. In Re Wier, 102 Colo. 321, 78 P.2d 1094.
The rule is made absolute and respondents are directed to set aside the order admitting the prisoner to bail and remand him to the custody of the Warden of the Colorado State Reformatory.