557 P.2d 1217 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Tom INCERTO, Defendant-Appellant.
No. 75-542.
Colorado Court of Appeals, Div. I.
November 26, 1976.
*1219 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Janet Lee Miller, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Carol L. Gerstl, Deputy State Public Defender, Denver, for defendant-appellant.
Selected for Official Publication.
RULAND, Judge.
At issue on this appeal is the proper interpretation of § 27-26-115, C.R.S.1973, which authorizes a sheriff to deduct time from the sentence of an inmate confined in a county jail for services rendered as a trusty.
Defendant, Tom Incerto, was sentenced to one year in the county jail by the district court for convictions of wagering upon games and conspiracy to commit wagering. He commenced serving the sentence on October 15, 1974, and was designated as a trusty by the sheriff and assigned to work in the jail kitchen. He was released by the sheriff on June 4, 1975, after serving 233 days.
Two separate statutes authorize the sheriff to deduct time from the defendant's sentence. Section 27-26-109, C.R.S.1973, sometimes referred to as the "good time credit" statute, provides:
"Every person who is sentenced to and imprisoned in any county jail of this state or to pay a fine and costs or either or all thereof and who performs faithfully the duties assigned to him during his imprisonment therein is entitled to a deduction from the time of his sentence of two days in each month." (emphasis supplied)
Section 27-26-115, C.R.S.1973, sometimes referred to as the "trusty time credit" statute, provides:
"Persons confined in the county jail, undergoing any sentence in accordance with law, who are engaged in work within or outside the walls of the jail, and who are designated by the sheriff as trusty prisoners, and who conduct themselves in accordance with the rules of the sheriff of the county and perform their work in a creditable manner, upon approval of the sheriff, may be granted such good time, in addition to that allowed in section 27-26-109, as the sheriff may order, not to exceed ten days in any one calendar month." (emphasis supplied)
In determining the defendant's release date, the sheriff interpreted these statutes to allow a deduction of 12 days credit for each month of defendant's sentence, except the first month. Thus, the sheriff deducted 132 days from defendant's one-year sentence when he was first confined, with the understanding that if he did not conform to applicable rules and regulations governing inmates, or if he failed to perform his duties as a trusty, days already deducted from his sentence would be added back to the term of confinement.
On June 11, 1975, the District Attorney filed a motion for execution of sentence, alleging that the sheriff had misconstrued the applicable statutes.[1] The District Attorney claimed that the statutes allowed a maximum of 10 days good time per month and that any good time or *1220 trusty time deductions could be made by the sheriff only after each full month was in fact served. Hence, the District Attorney reasoned that defendant still had 62 days of his sentence to serve, calculated by deducting time served from the sentence (365 - 233 = 132) and by deducting 70 days credit for seven months from the remaining term (132 - 70 = 62).
After a hearing on the motion, the trial court ruled that the statutes allowed 12 days good time per month of sentence, but that the 12 days should be credited only after each month was actually served. The court ordered the defendant to serve an additional 33 days, commencing June 23.
The defendant filed a motion for a new hearing and stay of execution. The court denied the motion for a new hearing but granted the defendant's request for a stay of execution pending this appeal.
Apart from credit for good time and trusty time, the Attorney General agrees with defendant that he should be credited with 18 days for the period from June 5 through June 23 because he was released from jail through no fault of his own. We likewise concur. See White v. Pearlman, 42 F.2d 788 (10th Cir. 1930).
The Attorney General also agrees with defendant that § 27-26-109 authorizes the sheriff to deduct a total of 24 days good time credit from defendant's one-year sentence when he is first confined, subject to reduction of credit for failure to fulfill the duties assigned to him. We believe this interpretation of the good time statute is correct based upon the holding of our Supreme Court in In re Blocker, 69 Colo. 259, 193 P. 546 (1920). Cf. § 27-20-104, C.R.S.1973, governing good time credits for penitentiary sentences.
The parties differ on the proper procedure for calculating trusty time credit. Defendant asserts that it should be calculated in the same manner as good time credit and the People contend that it may be deducted only for each calendar month of the sentence actually served. We find the independent operation of the two statutes apparent from the wording, and thus agree with the People's contention.
Trusty time must be earned by the performance of the duties assigned by the sheriff, and the use of the phrase "calendar month" in the trusty statute indicates that a maximum 10 days credit may be allowed only for each calendar month of the sentence during which defendant is confined in jail. See In re Application of Wier, 102 Colo. 321, 78 P.2d 1094 (1938); see also Odom v. Odom, 272 Ala. 164, 130 So.2d 10 (1961); Daley v. Anderson, 7 Wyo. 1, 48 P. 839 (1897). To allow trusty good time to be deducted at the beginning of the sentence would result in a deduction of more than 10 days trusty time for each calendar month of the sentence actually served. Using a one-year sentence as an illustration, if 120 days of trusty time were subtracted from the sentence at the outset, the prisoner would be released after eight months based upon trusty time credit alone. This allowance would exceed 10 days credit per month for the eight calendar months actually served, and thus would grant trusty time to defendant that he had not earned. See In re Application of Wier, supra.
Contrary to defendant's contention, this construction of § 27-26-115 will not deprive him of trusty time for any calendar month of his jail term. The statute allows a maximum award of 10 days per calendar month but does not require that a full calendar month be served before any trusty time is awarded. Hence, the sheriff may award trusty good time for any fractional part of a calendar month served. In the present case, defendant served seven full calendar months and 21 days of the eighth calendar month, and the People concede that the sheriff could and did award defendant 10 days credit for the eighth calendar month. We think this result is commensurate with the principle announced in In re Blocker, supra, that of two possible constructions, the one which operates in favor of liberty of the prisoner should be adopted.
*1221 We therefore conclude that defendant has 10 days remaining to serve on his sentence, calculated as follows:

 Sentence: 365 days
 Less good time credit: 24
 =====
 341
 Less time served: 233
 =====
 108
 Less trusty time credit for
 8 calendar months: 80
 =====
 28
 Less credit for the 18 days
 defendant was released by
 the sheriff: 18
 =====
 10

The sheriff may also award trusty time for the calendar month commencing when defendant is again confined in the county jail to serve the balance of his sentence.
The cause is remanded with directions to the trial court to order confinement of the defendant for the balance of his jail term consistent with the views herein expressed.
COYTE and PIERCE, JJ., concur.
NOTES
[1] This court raised the issue of the trial court's jurisdiction to act on the District Attorney's motion after the judgment of conviction became final. See, e. g., People v. Herrera, 183 Colo. 155, 516 P.2d 626 (1973); Guerin v. Fullerton, 154 Colo. 142, 389 P.2d 84 (1964), and requested supplemental briefs from the parties. We conclude that § 13-1-114(1) (c), C.R.S.1973, which grants the trial court jurisdiction to enforce its judgment vests the trial court with authority to rule on that motion. See People in the Interest of R. J. G., Colo.App., 557 P.2d 1214 (Announced July 22, 1976).