597 P.2d 1054 (1979)
Mark James MENCHETTI, Petitioner-Appellant,
v.
William WILSON, Superintendent, Colorado State Penitentiary, Respondent-Appellee.
No. 78-1192.
Colorado Court of Appeals, Div. I.
July 5, 1979.
*1055 Hawthorne & Meconi, P. C., Rocco F. Meconi, Canon City, for petitioner-appellant.
J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Patricia W. Robb, Asst. Atty. Gen., Denver, for defendant-appellee.
COYTE, Judge.
Petitioner filed this C.R.C.P. 106 action for relief in the nature of mandamus seeking to compel the superintendent of the Colorado State Penitentiary to alter the formula used for computing credit given for presentence confinement. The trial court held that the petitioner failed to prove that the method presently used by the superintendent is improper and therefore denied the petition. We affirm.
Petitioner was sentenced for a class 3 felony to a term of not less than 5 nor more than 6 years in the Colorado State Penitentiary. Prior to sentencing, petitioner had been incarcerated for approximately 10 months in the Arapahoe County Jail, and the mittimus ordered the penitentiary to credit this time against petitioner's sentence.
Petitioner's sentence was computed by Colorado State Penitentiary officials as follows: The 10 month presentence confinement was credited to both the minimum and maximum sentence, leaving the petitioner with a term to be served of not less than 4 years 2 months to not more than 5 years 2 months. Under the statutory method of computing good time credits for a sentence of 4 years 2 months, petitioner is required to serve a minimum of 28 months before being eligible for parole.
Petitioner contends that the superintendent should be compelled to compute the sentence by first using a statutory method to compute good time credit based on a 5 to 6 year term. This would require petitioner to serve a minimum of 32½ months before being eligible for parole. From this figure petitioner contends that the 10 months spent in presentence confinement should be deducted, making him eligible for parole after 22½ months in the State Penitentiary. By deducting presentence confinement time after determining good time and similar credits, the petitioner's method of computation would shorten the total incarceration time for those inmates, like petitioner, who have credit for presentence confinement.
An analysis of the statutes relating to sentencing convinces us that the computation method presently used by the superintendent is consistent with statutory requirements. There is no statutory requirement that the good time and other credits of §§ 17-20-104, 17-20-105, and 17-20-107, C.R.S.1973, be credited against presentence confinement. Petitioner's method of computation *1056 would result in good time credits being allowed for time spent in confinement prior to arrival at the penitentiary. This result is clearly not contemplated by the statutes, which apply only to convicts imprisoned in the State Penitentiary. Section 27-20-118, C.R.S.1973 (now repealed and reenacted in substantially identical form as § 17-20-118, C.R.S.1973 (1978 Repl. Vol. 8)), provided:
"No convict shall be discharged from the state penitentiary until he has remained the full term for which he was sentenced, to be computed from and including the day on which he was received into the same . . . ." (emphasis added)
See also § 17-20-107, C.R.S.1973 (1978 Repl. Vol. 8); Alexander v. Wilson, 189 Colo. 321, 540 P.2d 331 (1975).
C.R.C.P. 106 relief in the nature of mandamus will be granted only in cases where a clear legal duty exists for an administrative officer to perform a ministerial act. Brown v. Barnes, 28 Colo.App. 593, 476 P.2d 295 (1970). Although computation of confinement time is a ministerial duty, we deny petitioner's request for relief in the nature of mandamus because the statutes create no legal duty for the superintendent to use the alternative method suggested by petitioner. On the contrary, the statutes support the superintendent's contention that the pretrial confinement time should be subtracted from the sentence prior to computing good time and similar credits. Thus, the district court properly denied relief to petitioner.
We find the petitioner's other contention of error to be without merit.
Judgment affirmed.
VanCISE and STERNBERG, JJ., concur.