Billy Wayne PETERSON, Petitioner,

v.

James G. RICKETTS et al., Respondent (two cases).

Civ. A. Nos. 80–K–905, 80–K–927.

United States District Court, D. Colorado.

Aug. 26, 1980.

Billy Wayne Peterson, pro se.

### ORDER OF DISMISSAL

KANE, District Judge.

Billy Wayne Peterson has filed two petitions for the same writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he has been wrongly denied good-time credits; that he was wrongly placed in punitive segregation and subjected to a penalty in excess of that permitted by the rules and regulations of the Colorado Department of Corrections. He asserts that he was denied due process by a disciplinary hearing board and that the disciplinary board was illegally constituted for a variety of reasons. Also, he alleges that he was denied the right to counsel, right to a fair and impartial review of the findings of the disciplinary hearing and other rights both incidental to the hearing and related to his consequent punitive segregation.

The disciplinary violations for which Peterson was charged consist of fighting, assault, advocating a facility disruption and disobeying a lawful order. Peterson asserts that he could not be afforded any relief within the judicial system of the State of Colorado. It is not evident why he filed two separate petitions in this court. Each contains the same allegations. Whatever the reason, they are hereby consolidated.

These petitions for writ of habeas corpus are dismissed on the grounds that the petitioner has failed to exhaust available state judicial remedies which could provide the relief he seeks. *See Preiser v. Rodriques,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Gregory v. Wyse,* 512 F.2d 378 (10th Cir. 1975); and '73 C.R.S. 13–45–101. Colorado case law permits the use of habeas corpus to compel authorities to award statu-tory good time. *See In re Blocker,* 69 Colo. 259, 193 P. 546 (1920); *Ex parte Wier,* 102 Colo. 321, 78 P.2d 1094 (1938); and *Alexander v. Wilson,* 189 Colo. 321, 540 P.2d 331 (1975). It also seems clear that the Colorado Rules of Civil Procedure provide an available remedy for a prisoner who is still held within the period of his sentence. *See* C.R.Civ.P. 106(a)(4) and, possibly, 106(a)(2). '73 C.R.S. 24–4–106(4) (Amended, L. 76, p. 584, § 18) provides for judicial review of any state agency action by any party adversely affected or aggrieved. Such relief seems to be in the nature of prohibition, mandamus and certiorari. I must confess some confusion, however, in view of the answer to a question certified to the Colorado Supreme Court by the Court of Appeals and reported in *Hoadley v. Heggie,* 617 F.2d 589 (10th Cir. 1980). Apparently the Colorado Supreme Court has stated the opinion that the decision to deny parole is clearly discretionary and therefore not subject to judicial review in the state courts of Colorado. Petitioner here, however, does not seek review of the denial of parole so the specific answer to the certified question does not require further analysis. Suffice it to say that there appear to be available state remedies for this petitioner which are provided by case law, statute and court rule. Any is adequate; the totality is replete.