The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ely CHAVEZ, Defendant-Appellant.

No. 82SA242.

Supreme Court of Colorado,
En Banc.

Feb. 22, 1983.

Rehearing Denied March 28, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J.

Mullarkey, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Gerald E. Piper, Deputy State Public Defender, Denver, for defendant-appellant.

ROVIRA, Justice.

The defendant Ely Chavez appeals from a decision of the Denver District Court denying his motion for post-conviction relief pursuant to Crim.P. 35.[1] We reverse.

In December 1979 Chavez was charged with several crimes. The state public defender was appointed to represent him and bond was set at $10,000. He did not post bond. After entering a plea of guilty to second-degree assault and mandatory sentencing, the defendant was sentenced to three years' imprisonment plus one year of parole, and he was given credit for 432 days of presentence confinement. *See* section 16–11–306, C.R.S.1973 (1978 Repl.Vol. 8).

Within 120 days of sentencing, Chavez filed a motion for post-conviction relief pursuant to Crim.P. 35. The motion challenged the method by which good-time credit was computed by the Department of Corrections (Department) in that the Department did not credit him with good time for the period of his presentence confinement. Chavez alleged that failure of the Department to credit him with good time denied him, as an indigent person, due process of law and equal protection in violation of the state and federal constitutions and was contrary to sections 16–11–306 and 17–22.5–101, C.R.S.1973 (1980 Supp.).

At the hearing on the defendant's motion, Gene Tollis, records manager for the Department, testified concerning the method employed by the Department to determine good-time credit. He stated that based on experience every prisoner would probably earn the good time that is authorized by statute. Therefore, the prisoner's release date is determined by subtracting presentence confinement time from the sentence and then reducing the balance by 50 percent.[2] He also noted that good time is time that is deducted from the sentence for good behavior and is lost only if the prisoner violates the disciplinary code.

Tollis stated that good time is projected when a prisoner is first placed in the custody of the Department "because our programs are all based on real time, and for example, [if] he is going to an 18-month course in barbering, or if he is going to a drug program that requires 12 months, we have to deal, we have to be able to project what time we think he will really be there, so that's the basis for projecting." The witness concluded his testimony by stating that good-time credit was not awarded for time spent in presentence confinement.[3]

The People argued that the court lacked jurisdiction to consider the defendant's mo-

1. This appeal was transferred from the court of appeals because of a constitutional challenge. Sections 13–4–102(1)(b) and 13–4–110(1)(a), C.R.S.1973.

2. Section 17–22.5–101, C.R.S.1973 (1980 Supp.), provided:
   "Good time. Each person sentenced for a crime committed on or after July 1, 1979, whose conduct indicates that he has substantially observed all of the rules and regulations of the institution or facility in which he has been confined and has faithfully performed the duties assigned to him shall be entitled to a good time deduction of fifteen days a month from his sentence. The good time authorized by this section shall vest quarterly and may not be withdrawn once it has vested. No more than forty-five days of good time may be withheld by the department in any one quarter. No person subject to the

good time credits of article 20 of this title shall be eligible for any good time deduction authorized by this article."

3. In applying the Department's formula for good-time credit to Chavez, the result is that he will serve 25 months—14 months pretrial confinement plus 11 months in the penitentiary (36 months sentence minus 14 months pretrial confinement equal 22 months divided by one-half equal 11 months).
   The defendant argues that the Department should calculate good time by dividing the sentence in half and deducting from the balance to be served the 14 months of presentence confinement. The balance of 4 months, when added to the 14 months of presentence confinement, would result in the defendant's serving a total of 18 months.

tion because the Department was not a party, or in the alternative, that the formula used by the Department was proper.

The trial court denied the motion, holding that it would be necessary to have the Department as a party before it could order any change in the method of calculating good-time credits.[4]

## I.

Chavez argues that he is entitled to good-time credit on his sentence for presentence confinement pursuant to section 17–22.5–101, C.R.S.1973 (1980 Supp.),[5] and that the failure of the Department to adhere to the provisions of that section violates his right to equal protection of the laws. In light of our decision today in *People v. Turman,* 659 P.2d 1368 (Colo.1983), holding that there is no constitutional right to good-time credit for presentence confinement, we need not address Chavez' constitutional argument.

The basis of his claim that section 17–22.5–101 mandates good-time credit for presentence confinement is that the statutory provision that allows good-time credit for crimes committed prior to July 1, 1979, allows credit only for a "prisoner confined in the correctional facilities at Canon City," section 17–20–107, C.R.S.1973 (1978 Repl. Vol. 8 and 1982 Supp.),[6] whereas by contrast, section 17–22.5–101 allows good-time credit at "the institution or facility in which

[the prisoner] has been confined." He further argues that any ambiguity in section 17–22.5–101 must be construed in his favor.

In marked contrast to section 17–20–107, section 17–22.5–101 does not limit the place of confinement where good-time credit can be earned to the correctional facilities at Canon City or, indeed, to any facilities under the supervision of the Department of Corrections. Instead, it speaks of observance of "the rules and regulations of the *institution or facility in which [the prisoner] has been confined."* (Emphasis added.) No comparable change was made in 1979 amendments of other statutes authorizing credit against a sentence on the basis of favorable conduct. *See* sections 17–20–104 and 17–20–105, C.R.S.1973 (1978 Repl.Vol. 8, 1982 Supp.) (relating to good conduct and trusty prisoners' allowance). The legislature, therefore, appears to have made a decision to broaden the basis for computation of good-time credits by the enactment of section 17–22.5–101. It follows that to the extent that a defendant's sentence is served by confinement in county jail the good-time credit provisions of section 17–22.5–101 apply.

A defendant has a statutory right to have the period of confinement prior to imposition of sentence credited against his sentence. Section 16–11–306, C.R.S.1973 (1982 Supp.). The legislature by virtue of its 1979 amendments has now mandated that

4. In their briefs filed in this court, the People have abandoned their argument that the district court lacked jurisdiction to consider the defendant's motion. *See People v. Turman,* 659 P.2d 1368 (Colo.1983) (Trial court has jurisdiction under Crim.P. 35 to determine whether defendant's constitutional rights were violated by refusal to give good-time credit for presentence confinement).

5. *See* note 2, *supra.* Section 17–22.5–101 was amended in 1981, Colo.Sess.Laws 1981, ch. 205 at 961, to change from quarterly to semiannually the vesting period for good time and the amount of good time that can be withheld by the Department.

6. Section 17–20–107(1), C.R.S.1973 (1982 Supp.), provides as follows:

"Unless otherwise provided, every prisoner confined in the correctional facilities at Canon City who has committed no infraction of the rules or regulations of the prison or the laws of the state and who performs in a faithful, diligent, industrious, orderly, and peaceable manner the work, duties, and tasks assigned to him to the satisfaction of the superintendents may be allowed time credit reductions as follows: . . ."

In 1979, after section 17–22.5–101 was adopted as part of H.B. 1589 (the determinate sentencing bill), the statutory provision relating to good-time credit for those persons imprisoned for crimes committed before July 1, 1979, was amended to change the words "state penitentiary" to "correctional facilities at Canon City." Colo.Sess.Laws 1979, ch. 160, 17–20–107 at 692.

presentence confinement in a jail facility becomes in effect a part of the time served on the convicted person's sentence. Thus, if the convicted person "substantially observed all of the rules and regulations" of the jail—the "facility in which he has been confined" for part of his sentence—he is entitled to good-time credit under section 17–22.5–101.

Familiar rules of statutory construction buttress the statutory interpretation that we adopt. We must presume that the legislature intended a just and reasonable result. Section 2–4–201(1)(c), C.R.S. 1973 (1980 Repl.Vol. 1B). A system that denies good-time credit on that part of a sentence served by presentence confinement in county jail, while allowing good-time credit for that portion of a sentence served in a Department facility subsequent to sentence, is inequitable to convicted persons who did not obtain freedom by posting bond prior to trial. Furthermore, it has been a long-standing rule that where a statute is capable of two possible meanings the construction that will entitle the prisoner to release at the earlier time should be adopted. *In Re Blocker,* 69 Colo. 259, 193 P. 546 (1920); *People v. Incerto,* 38 Colo.App. 390, 557 P.2d 1217 (1976).

No contrary legislative intent is discernible from the fact that the general assembly did not detail the procedure to be followed in determining good-time credits earned through presentence confinement. Officers in charge of a jail facility can determine whether a person confined in the jail satisfied the good-time requirements of section 17–22.5–101 and can provide this information to the Department without the need of legislative guidelines. Consequently, we hold that section 17–22.5–101 mandates good-time credit for presentence confinement.

In light of the injustice that would be occasioned by applying our interpretation prospectively only, this decision is to be applied retroactively.

For those persons presently under the supervision of the Department for crimes committed on or after July 1, 1979, information concerning their conduct during presentence confinement shall be obtained from the officer in charge of the facility in which they were held. The Department shall then determine the amount of good-time credit they should be granted.

For those persons not yet sentenced for crimes committed on or after July 1, 1979, the probation department, as part of its presentence report, shall obtain information from the officer in charge of the facility in which they were held concerning their behavior while incarcerated. The Department shall use this information to determine the amount of good-time credit to which they are entitled.

The judgment of the district court is reversed, and the cause is remanded for determination of the appropriate good-time credit for presentence confinement.

QUINN and NEIGHBORS, JJ., specially concur.

QUINN, Justice, specially concurring:

I specially concur in the result for reasons stated in the dissenting opinions of Justice Neighbors and myself in *People v. Turman* 659 P.2d 1368 (Colo.1983).

NEIGHBORS, Justice, specially concurring.

I specially concur in the result reached by the court using statutory construction as the standard for analysis. However, I would go further and decide this case on equal protection grounds for the reasons stated in my dissenting opinion announced today in *People v. Turman,* 659 P.2d 1368 (Colo.1983).