**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Juan BASTARDO, Defendant-Appellant.**

**No. 85CA0749.**

Colorado Court of Appeals, Div. I.

May 29, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),

David F. Vela, Colorado State Public Defender, Stephen M. Flavin, Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Juan Bastardo, appeals from the trial court's denial of his motion for post-conviction relief alleging that the Department of Corrections improperly calculated his parole eligibility date. We affirm.

Defendant was sentenced to the Department for a term of life for his conviction of first degree murder, and to a concurrent term of 30 to 45 years for his conviction of second degree murder. The judgment and sentences were affirmed on appeal, *People v. Bastardo,* 191 Colo. 521, 554 P.2d 297 (1976), and subsequently withstood a motion for post-conviction relief under C.R. Cr.P. 35(b). *People v. Bastardo,* 646 P.2d 382 (Colo.1982).

Defendant has now filed this action, his second motion for post-conviction relief under C.R.Cr.P. 35(c)(2), alleging that his parole eligibility date was incorrectly calculated by the Department because his "trusty time" under § 17–20–107(2), C.R.S. (1978 Repl.Vol. 8) was deducted only for the months actually served. He contends that "trusty time" should have been credited from the outset of his sentence in the same manner as "good time" is credited under § 17–20–107(1), C.R.S. (1978 Repl.Vol. 8).

The trial court denied defendant's motion, determining that the wording of § 17–20–107(2), C.R.S. (1978 Repl.Vol. 8) prevented "trusty time" from being awarded on the same projected basis as good time.

Section 17–20–107(2), C.R.S. (1978 Repl. Vol. 8) provides:

"To those prisoners whom the superintendent may designate as trusties and who conduct themselves in accordance with prison rules and perform their work in a creditable manner, upon approval of

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

the superintendent, additional good time ... not to exceed 10 days in any one calendar month, shall be credited upon the time remaining to be served, *such credit to be allowed only upon the actual number of months served in each year in the state penitentiary.* " (emphasis supplied)

This statute plainly requires that an inmate serve a given month in confinement before trusty time credit for such month may be deducted from the remainder of the inmate's sentence. By contrast, § 17–20–107(1), C.R.S. (1978 Repl.Vol. 8) does not include the qualifying language emphasized above and thus has been construed to afford inmates projections of good time credit calculated from the outset of sentence. *See People v. Chavez,* 659 P.2d 1381 (Colo.1983).

In *People v. Incerto,* 38 Colo.App. 390, 557 P.2d 1217 (1976), this court, applying the trusty time statute then in effect, § 27–26–115, C.R.S., held that trusty time could not be deducted from the beginning of a sentence. The court in *Incerto* reasoned that "[t]o allow trusty good time to be deducted at the beginning of the sentence would result in a deduction of more than 10 days trusty time for each calendar month of the sentence actually served.... This allowance would exceed 10 days credit per month for the ... calendar months actually served, and thus would grant trusty time to defendant that he had not earned." *See also In re Application of Wier,* 102 Colo. 321, 78 P.2d 1094 (1938).

The reasoning in *Incerto* is equally applicable to this case. Furthermore, the version of the statute applicable in *Incerto* did not include the above-cited qualifying language of § 17–20–107(2), C.R.S. (1978 Repl. Vol. 8), limiting the credit for such time to "the actual number of months served in each year." This added phrase presents an even more compelling rationale for holding that projecting trusty time as defendant

claims would violate the plain wording of § 17–20–107(2), C.R.S. (1978 Repl.Vol. 8).

Judgment affirmed.

PIERCE and SILVERSTEIN *, JJ., concur.

**The CITY AND COUNTY OF DENVER, Petitioner,**