The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Gilbert E. **SHACKELFORD**, Defendant-Appellant.

No. 85CA0699.

Colorado Court of Appeals, Div. III.

July 17, 1986.

Rehearing Denied Aug. 21, 1986.

Certiorari Denied (Shackelford) Dec. 22, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Stephen M. Flavin, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, Gilbert E. Shackelford, appeals from the trial court's order denying his Crim.P. 35(c) motion seeking to compel the Department of Corrections to re-compute certain good-time credits to his sentence. We affirm.

In December 1974, defendant was sentenced to terms of 35 to 39 years for rape, 35 to 39 years for aggravated robbery, and 9 to 10 years for kidnapping, with the sentences to be served concurrently. Defendant filed his *pro se* Crim.P. 35(c)(3) motion in December 1984. In his motion, defendant challenged the legality of the Department of Corrections' method of computing his "trusty" time credits under former § 17–20–107(2), C.R.S. (1978 Repl.Vol. 8) (currently recodified as § 17–22.5–201(2), C.R.S. (1985 Cum.Supp.)), and sought a re-computation of such credits under the allegedly proper method. Defendant asserted that he would be eligible for parole in December 1986 under the allegedly proper method of computation of these credits, but that the Department of Corrections projected his parole eligibility date to be in September 1988 under its computations.

The trial court denied the motion without a hearing, ruling that defendant did not state a claim cognizable under Crim.P. 35(c). The trial court ruled that defendant's allegations were not within the grounds enumerated in Crim.P. 35(c)(2) and (3) because defendant did not allege that he had fully served his imposed sentence and was entitled to be released.

On appeal, defendant contends that the trial court erred in denying his motion without holding a hearing. Defendant argues that a hearing is required on his motion because Crim.P. 35(c) is a broad and flexible rule which includes claims requesting relief prior to the completion of a defendant's sentence. We agree with the trial court that defendant failed to state a cognizable claim under Crim.P. 35(c)(2) and (3).

Grounds for postconviction review under Crim.P. 35(c)(2) and (3) include allegations that the applicant claims a right to be released because the sentence was imposed in violation of the constitution or laws of the United States or of Colorado and the sentence imposed was not in accordance with the sentence authorized by law. Crim.P. 35(c)(2)(I) and 35(c)(2)(IV) and Crim.P. 35(c)(3); *People v. Turman*, 659 P.2d 1368 (Colo.1983).

Here, the defendant does not assert any defect in the sentence imposed upon him or a present right to be released. Rather, he argues only that the Department is not calculating his good-time credits in a proper fashion. This is not a justiciable issue until the defendant, at least by his own computations, is entitled to be released under the sentence imposed by the trial court.

Hence, the dispute is not "ripe" for adjudication.

We recognize that *People v. Bastardo,* 725 P.2d 88 (Colo.App.1986) and *People v. Incerto,* 38 Colo.App. 390, 557 P.2d 1217 (1976) appear to be based on a contrary principle. However, it does not appear that the issue arose or was argued in those cases. Both *People v. McCall,* 662 P.2d 178 (Colo.1983) and *People v. Turman, supra,* relied on by the defendant, deal with good-time credit for *presentence* confinement and are inapposite to the facts here.

Order affirmed.

TURSI and BABCOCK, JJ., concur.