David F. Vela, State Public Defender, Denver and David R. Galindo, Salida, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen. and Terrence A. Gillespie, Asst. Atty. Gen., Denver, for respondent-appellee.

**Eric McLEOD, Petitioner-Appellant,**

v.

**James BRITTAIN, Superintendent, Colorado Territorial Correctional Facility, Respondent-Appellee.**

**No. 85SA163.**

Supreme Court of Colorado,
En Banc.

Dec. 15, 1986.

KIRSHBAUM, Justice.

Appellant, Eric McLeod, filed a petition for writ of habeas corpus in the Fremont County District Court, asserting that the method used by the Department of Corrections (the Department) to calculate trusty time under section 17–22.5–201(2), 8A C.R.S. (1986), is not authorized by that statute. The trial court denied the petition. We affirm.

The General Assembly has authorized the Department to designate inmates in the state's correctional facilities as trusties who will perform various ministerial functions. The General Assembly has also authorized the Department to grant special credits to reduce the sentences of trusties, as follows:

> To those inmates whom the executive director or any of his designees may

designate as trusties and who conduct themselves in accordance with departmental rules and perform their work in a creditable manner, upon approval of the executive director or any of his designees, additional good time to that allowed in the table set forth in subsection (1) of this section, not to exceed ten days in any one calendar month, shall be credited upon the time remaining to be served, such credit to be allowed only upon the actual number of months served in each year in a correctional facility of the department.

§ 17–22.5–201(2). Pursuant to its interpretation of this statute, the Department grants each trusty credit to his or her sentence in the amount of ten days for every thirty days of time actually served as a trusty. McLeod points out that under the Department's method of calculating good time credits under section 17–22.5–201(1), 8A C.R.S. (1986), an inmate sentenced to one year of imprisonment actually serves ten months, assuming no loss of good time credits. McLeod contends that the Department must utilize the same method of calculation for trusty credits under section 17–22.5–201(2), which method would require the granting of credit of ten days for each twenty days of time served as a trusty.

■ Examination of the differing language in the two subsections of section 17–22.5–201 reveals a legislative decision to treat differently statutory good time under subsection (1) and trusty time under subsection (2). Section 17–22.5–201(1) provides for a good time "deduction of two months in each of the first two years" and provides a chart listing the reduced amount of time to be served if full credits are earned. Trusty time under section 17–22.5–201(2) is allowed at a rate "not to exceed ten days in any one calendar month [and is] credited upon the time remaining to be served." This differing language supports the Department's interpretation that an inmate must serve a minimum of thirty days be-fore ten days of trusty time may be credited to the remaining sentence. *People v. Incerto*, 38 Colo.App. 390, 557 P.2d 1217 (1976) (General Assembly's use of the words "calendar month" indicates that persons confined in county jail must serve thirty days before receiving trusty credits for the month). Contrary to McLeod's argument, the fact that the Department projects in advance the amount of trusty time credit to be allowed on an inmate's remaining sentence does not invalidate the Department's practice.

■ The Department's administrative interpretation of the statute is entitled to great deference so long as it is reasonable and contravenes no legislative or constitutional rights or policies. *Price v. Mills*, 728 P.2d 715 (Colo.1986); *see Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976); *Smith v. Myron Stratton Home*, 676 P.2d 1196 (Colo.1984). We conclude that the Department's method of calculating trusty time credits is reasonable and is supported by the language of section 17–22.5–201. Accordingly, we affirm the judgment of the trial court.