Ronald A. VASHONE–CARUSO,
Plaintiff–Appellant,

v.

John SUTHERS, in his official capacity as the executive director of the Colorado Department of Corrections, Defendant–Appellee.

No. 00CA1561.

Colorado Court of Appeals,
Div. II.

June 7, 2001.

Ronald A. Vashone–Caruso, pro se.

Ken Salazar, Attorney General, James X. Quinn, Assistant Attorney General, Denver, CO, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

In this C.R.C.P. 57 proceeding, plaintiff, Ronald A. Vashone–Caruso, appeals the trial court's declaratory judgment adopting the parole eligibility date calculations rendered by the time computation officer employed by defendant, John Suthers, the Executive Director of the Colorado Department of Corrections (DOC). We affirm in part, reverse in part, and remand with directions.

Plaintiff, who has been incarcerated in the DOC for over thirty years, sought a declaration that the DOC had miscalculated his parole eligibility date. Relying on the analysis of the DOC's time computation officer, the trial court initially dismissed the action.

Upon plaintiff's appeal of that dismissal, a division of this court concluded that the DOC erroneously had calculated applicable statutory credits and thus had overestimated the amount of statutory good time available to plaintiff. The division also held that the DOC improperly had denied plaintiff 206 days of presentence confinement credit and may have underestimated the amount of trusty time to which plaintiff was entitled. The division therefore remanded the cause to the trial court to determine plaintiff's earliest parole eligibility date. *Vashone–Caruso v. Suthers,* (Colo.App. No. 98CA1691, July 8, 1999)(not selected for official publication).

On remand, both parties submitted briefs, and the trial court conducted an informal hearing. Concluding that DOC's new computation was consistent with the division's opinion, the court determined that the earliest parole eligibility date for plaintiff was April 1, 2011. This appeal followed.

I.

Plaintiff first contends that the court erred in failing to require the DOC to reduce his composite sentence by fifty percent when calculating his earliest possible parole eligibility date. We disagree.

Section 17–22.5–201, C.R.S.2000, provides for subtraction of certain credits from an inmate's composite sentence to determine the earliest possible parole eligibility date. These credits are available to an offender sentenced for a crime committed before July 1, 1979. *See Thiret v. Kautzky,* 792 P.2d 801 (Colo.1990); *Price v. Mills,* 728 P.2d 715 (Colo.1986).

Section 17–22.5–403(1), C.R.S.2000, upon which plaintiff relies, generally provides for an inmate's parole eligibility after the inmate has served fifty percent of the sentence. However, that statute applies only to an offender sentenced for a crime committed on or after July 1, 1979. *See Jones v. Martinez,* 799 P.2d 385, 387 (Colo.1990) ("Part Four to section 17–22.5 ... is applicable to all crimes committed after July 1, 1979").

Here, plaintiff committed his crimes before July 1, 1979. Thus, § 17–22.5–403 is not applicable to him.

II.

Plaintiff contends that the DOC has miscalculated his parole eligibility date based upon good time credit and thus the trial court erred in adopting its calculation. We agree that plaintiff's credit must be recalculated.

When computing the parole eligibility date for an inmate who has received several consecutive sentences imposed at different times, as here, the DOC must first aggregate the sentences. *See* § 17–22.5–101, C.R.S. 2000 (separate sentences to be construed as one sentence in determining parole eligibility date); *People v. Broga,* 750 P.2d 59 (Colo. 1988)(court aggregated consecutive sentences before deducting statutory credit).

The DOC then must deduct any presentence confinement credit from the inmate's minimum aggregated sentence to obtain a composite sentence. *See* Colo. Sess. Laws 1972, ch. 44, § 39–11–306 at 249; *Godbold v. District Court,* 623 P.2d 862 (Colo.1981); *Menchetti v. Wilson,* 43 Colo.App. 19, 597 P.2d 1054 (1979)(deduction for presentence confinement before, rather than after, com-

putation of credits was consistent with statutes).

For crimes committed before July 1, 1979, the DOC must calculate an inmate's earliest possible parole eligibility date by subtracting various additional credits from the composite sentence. These credits consist of statutory good time under § 17–22.5–201(1), C.R.S. 2000, trusty time under § 17–22.5–201(2), C.R.S.2000, and meritorious time under § 17–22.5–201(3), C.R.S.2000. In calculating these credits, the DOC presumes an inmate will accrue the maximum allowable good time and trusty time credit. *See Price v. Mills, supra.* According to the DOC's brief, for parole eligibility computation purposes only, the DOC assumes a month is equal to 30 days.

The credit for statutory good time allows the following deductions in determining an inmate's earliest possible parole eligibility date:

A deduction of two months in each of the first two years, four months in each of the next two years, and five months in each of the remaining years of his term of confinement, and correspondingly for any part of the year if such term of confinement is for less than a year.

Section 17–22.5–201(1).

The division in plaintiff's previous appeal interpreted this statute to require that an inmate serve a complete year before receiving the applicable good time credit, reasoning that an inmate should only receive statutory good time credit based upon actual time served. Pursuant to such logic, an inmate would be entitled to 4 months of statutory good time credit after the first 2 years served, 8 months of credit after the next 2 years served, and 5 months of credit after each additional year served.

However, contrary to the previous division's interpretation, there is nothing in the text of § 17–22.5–201(1) to indicate that good time credit is to be given only after each year is served. Rather, the statute states that credits are to be projected for portions of each year of an inmate's sentence. *Cf. People v. Bastardo,* 725 P.2d 88 (Colo.App.1986)(comparing the unrestricted language of good time credit statute with the limiting language of trusty time statute); *People v. Incerto,* 38 Colo.App. 390, 557 P.2d 1217 (1976)(same).

The chart included in § 17–22.5–201(1) makes it clear that the credits are to be allocated upon portions of years because, in projecting the time to be served, it deducts possible good time credits from an inmate's sentence, rather than from the actual time served. Further, the chart notes that the total time to be served, if full credits are earned and allowed, can be less than a full year:

| Number of yrs. of sentence | Good time that may be earned | Total good time that may be earned | Time to be served if full credits are earned and allowed |
|---|---|---|---|
| 1st year | 2 months | 2 months | 10 months |
| 2nd year | 2 months | 4 months | 1 year 8 months |
| 3rd year | 4 months | 8 months | 2 year 4 months |
| 4th year | 4 months | 1 year | 3 years |
| 5th year | 5 months | 1 year 5 months | 3 years 7 months |
| 6th year | 5 months | 1 year 10 months | 4 years 2 months |
| 7th year | 5 months | 2 years 3 months | 4 years 9 months |
| 8th year | 5 months | 2 years 8 months | 5 years 4 months |
| 9th year | 5 months | 3 years 1 month | 5 years 11 months |
| 10th year | 5 months | 3 years 6 months | 6 years 6 months |

Section 17–22.5–201(1). Hence, we disagree with the previous division's statutory analysis.

Continuing the chart contained in § 17–22.5–201(1) to determine plaintiff's eligible good time credit would result in the following:

| Number of yrs. of sentence | Good time that may be earned | Total good time that may be earned | Time to be served if full credits are earned and allowed |
|---|---|---|---|
| . . . | | | |
| 20th year | 5 months | 7 years 8 months | 12 years 4 months |
| . . . | | | |
| 50th year | 5 months | 20 years 2 months | 29 years 10 months |
| . . . | | | |
| 90th year | 5 months | 36 years 10 months | 53 years 2 months |
| 91st year | 5 months | 37 years 3 months | 53 years 9 months |
| 92nd year | 5 months | 37 years 8 months | 54 years 4 months |
| 93rd year | 5 months | 38 years 1 month | 54 years 11 months |

Extrapolating from the chart, we can determine a simple algebraic formula to determine plaintiff's good time credit.

As the statute's text and chart demonstrate, an inmate is eligible for 5 months of good time out of every year (5/12 year's credit) of his or her sentence from the fifth year onward. Assuming an inmate accrued good time at this same rate for the first 4 years, he or she would be eligible for 20 months of good time credit. However, as the chart shows, an inmate does not accrue 5 months of good time for each of the first 4 years of the sentence. Rather, the inmate is eligible only for a total of 12 months of good time for the first 4 years. This means that, for the first 4 years of a sentence equal to or greater than 5 years, an inmate is eligible for 8 months' less good time than the inmate would have been eligible for if the credit accrued at a constant 5 months per year.

■ Thus, although an inmate sentenced to five or more years of imprisonment generally can accrue good time at a rate of $\frac{5}{12}$ of a year each year, a subtraction must be made for those 8 months for the first 4 years, during which the rate of accrual was different. Hence, to calculate good time for an inmate sentenced to five or more years, the sentence is multiplied by $\frac{5}{12}$, and then 8 months are subtracted (5/12 times sentence minus $\frac{2}{3}$ year).

Applying those principles here, it is not disputed that plaintiff faces a minimum sentence of 94 years and a maximum sentence of life imprisonment. Plaintiff is entitled to presentence confinement credit of 1 year and 26 days. Accordingly, plaintiff's minimum composite sentence is 92 years, 11 months, and 4 days.

To compute the total statutory good time for which plaintiff is eligible, the following calculation is performed. First, using the DOC's assumption that one month equals 30 days, the composite sentence is turned into days. Thus, 92 years times 360 days per year equals 33,120 days, and 11 months becomes 330 days, to which is added the remaining 4 days, totaling 33,454. That number times $\frac{5}{12}$ yields 13,939.17 days. From that figure, 240 days (8 months at 30 days per month) is subtracted, yielding 13,699.17 days. That figure divided by 360 equals 38.0532 years. To convert .0532 years to days, 360 is multiplied by .0532, equaling 19.16 days. Because an inmate cannot receive credit for less than one day, this number is rounded down to 19. Hence, the credit is equal to 38 years, 19 days. This figure does not account for good time credit that plaintiff has forfeited due to disciplinary action or violation of law. Given this analysis, the DOC's calculation of plaintiff's possible good time credit as 27 years, 3 months, and 13 days is incorrect.

We acknowledge that this disposition deviates from the division's analysis in the previous appeal. However, we conclude that such deviation is warranted here.

■ Ordinarily, when a court has issued a final decision, that decision becomes the law of the case and is not subject to relitigation. However, when the law of the case doctrine is applied to the decisions of an equal court or a different division of the same court, its main purpose is efficiency of disposition. Therefore, a court, in its discretion, may decline to apply the doctrine if it determines that the previous decision is no longer sound because of changed conditions or law, or legal or factual error, or if the prior decision would result in manifest injustice.

See *People v. Roybal,* 672 P.2d 1003 (Colo. 1983); *People ex rel. Gallagher v. District Court,* 666 P.2d 550 (Colo.1983); *Perez v. Witham,* 1 P.3d 262 (Colo.App.1999); 18 James Wm. Moore et al., *Moore's Federal Practice* ¶¶ 134.21, 134.22 (3d ed. Dec.2000 & Dec. 1999).

Here, because we disagree with the previous division's analysis of the pertinent parole eligibility statutes, we decline to apply the law of the case doctrine. In addition, to let stand what we perceive to be errors would significantly delay plaintiff's earliest possible parole eligibility date. Hence, to correct this error and prevent injustice to plaintiff, we decline to follow the previous division's analysis of the applicable statutes.

We further note that DOC has continued to disagree with the previous division's determination, while nevertheless honoring it. And, our computation and conclusion appear to be the very conclusion suggested by DOC in the previous appeal. Thus, there is no prejudice to DOC, and certainly none to plaintiff, because the benefit inures to him.

Accordingly, on remand, the DOC must recalculate good time credit using the analysis set forth above.

### III.

Plaintiff contends that, pursuant to the previous division's opinion, the DOC also erroneously calculated his statutory credit for trusty time. While the DOC followed the division's directions in calculating this credit, as before, we disagree with that part of the previous division's interpretation of the statute. Therefore, we conclude that the DOC must recalculate plaintiff's trusty time credit consistent with the analysis below.

In addition to good time, an inmate sentenced for a crime committed before July 1, 1979, who has been designated as a "trusty" is eligible for:

additional good time to that allowed in the table set forth in subsection (1) of this section, not to exceed ten days in any one calendar month, [to] be credited upon the time remaining to be served, such credit to be allowed only upon the actual number of months served in each year in a correctional facility of the department.

Section 17–22.5–201(2).

Plaintiff argues that the DOC must calculate trusty time, like good time, based upon his composite sentence. We disagree.

The plain language of the trusty time subsection, unlike that governing the calculation of good time, requires that trusty time be credited against actual time to be served. Thus, assuming an inmate earns all of the good time for which he or she is eligible, an inmate serving as a trusty may then earn up to 10 days of trusty time upon completion of every month of his or her remaining time to be served, after deduction of good time credits. *See People v. Bastardo, supra* (trusty time, unlike good time, is to be calculated only upon actual completed months served); *People v. Incerto, supra* (qualifying language of trusty time statute allows credit to be accrued, unlike good time, only upon actual time served).

Hence, an inmate receives credit for 40 days when he or she serves only 30 days. Thus, after 9 months of service, an inmate is credited with having served one full year.

■ Accordingly, an inmate can earn only 3 months or 90 days of trusty time for each year of remaining time to be served, after deduction of good time credit. Thus, because there are 360 days per year under DOC's computation of "months," it is appropriate to multiply the remaining number of complete months to be served by ¼ (3 months is ¼ of a year) to determine how much trusty credit plaintiff is eligible to receive.

Therefore, we disagree with the previous division's analysis that an inmate is eligible for a credit of ⅓ of the full months of his or her remaining sentence.

Here, plaintiff is eligible for up to 38 years, 19 days of good time credit against his composite sentence of 92 years, 11 months, 4 days. Accordingly, plaintiff must serve a minimum of 54 years, 10 months, 15 days before becoming eligible for parole, prior to calculation of trusty time. Plaintiff may earn up to ¼ of trusty time credits on the full months of his remaining sentence. Taking ¼ of 54 years, 10 months (and ignoring the

number of days because the credit applies only to full months), plaintiff may receive 13 years, 8 months, 15 days of possible trusty time credit. Thus, after deduction of possible good time and trusty time, plaintiff must serve at least 41 years, 2 months before he is eligible for parole. Again, this figure does not include trusty time credit plaintiff has lost over the course of his actual time served.

The chart below, expressed in years-months-days format, illustrates the allocation of possible good time and trusty time credit pursuant to our analysis.

| Composite Sentence (yr., mo., day) | Possible Good Time | Remaining Time to Serve, Less Possible Good Time | Possible Trusty Time | Remaining Time to Serve, Less Possible Good & Trusty Time |
|---|---|---|---|---|
| 1–0–0 | 0–2–0 | 0–10–0 | 0–2–15 | 0–7–15 |
| 2–0–0 | 0–4–0 | 1–8–0 | 0–5–0 | 1–3–0 |
| 3–0–0 | 0–8–0 | 2–4–0 | 0–7–0 | 1–9–0 |
| 4–0–0 | 1–0–0 | 3–0–0 | 0–9–0 | 2–3–0 |
| 5–0–0 | 1–5–0 | 3–7–0 | 0–10–22 | 2–8–8 |
| 6–0–0 | 1–10–0 | 4–2–0 | 1–0–15 | 3–1–15 |
| 7–0–0 | 2–3–0 | 4–9–0 | 1–2–7 | 3–6–23 |
| 8–0–0 | 2–8–0 | 5–4–0 | 1–4–0 | 4–0–0 |
| 9–0–0 | 3–1–0 | 5–11–0 | 1–5–22 | 4–5–8 |
| 10–0–0 | 3–6–0 | 6–6–0 | 1–7–15 | 4–10–15 |
| . . . | | | | |
| 20–0–0 | 7–8–0 | 12–4–0 | 3–1–0 | 9–3–0 |
| . . . | | | | |
| 50–0–0 | 20–2–0 | 29–10–0 | 7–5–15 | 22–4–15 |
| . . . | | | | |
| 90–0–0 | 36–10–0 | 53–2– | 13–3–15 | 39–10–15 |
| 91–0–0 | 37–3–0 | 53–9–0 | 13–5–7 | 40–3–23 |
| 92–0–0 | 37–8–0 | 54–4–0 | 13–7–0 | 40–9–0 |
| 92–11–4 | 38–0–19 | 54–10–15 | 13–8–15 | 41–2–0 |
| 93–0–0 | 38–1–0 | 54–11–0 | 13–8–22 | 41–2–8 |

Therefore, given our analysis, the DOC's current determination of plaintiff's trusty time credit of 21 years, 10 months, and 11 days is incorrect, and the DOC must adjust its calculation.

## IV.

The calculation of plaintiff's credit for meritorious time is not at issue in this case. However, we note, as did the previous division, that the DOC should incorporate any meritorious time plaintiff has earned pursuant to § 17–22.5–201(3) into its calculation of plaintiff's earliest possible parole eligibility date.

Finally, the DOC must add back into its calculation the 20 days of plaintiff's sentence during which he was on escape status and any days of credit that were disallowed, including the 26 days of trusty time plaintiff has lost.

## V.

Plaintiff also contends he was denied due process when, on the previous remand, the trial court refused to grant him a full evidentiary hearing and the opportunity to present expert testimony regarding the proper calculation of his parole eligibility date. Because this issue may arise again upon remand, we consider this contention.

Procedural due process requires notice and a fair opportunity to be heard. Due process is a flexible standard, which recognizes that not all situations calling for procedural safeguards require the same procedure. *See People v. Garlotte*, 958 P.2d 469 (Colo.App.1997).

Here, the trial court gave both parties the opportunity to submit briefs regarding the calculation of plaintiff's parole eligibility date and then conducted an informal hearing on the matter before issuing its order. Because this matter involves primarily the interpretation of applicable statutes, we

conclude the procedure the trial court employed was sufficient to afford plaintiff due process.

That part of the judgment declining to apply a fifty percent reduction to plaintiff's sentence to compute parole eligibility is affirmed, as is the denial of plaintiff's request for an evidentiary hearing. The balance of the judgment is reversed, and the cause is remanded for further proceedings to determine plaintiff's earliest possible parole eligibility date in a manner consistent with the views expressed in this opinion.

Judge PLANK and Judge NEY concur.