**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JAMES EUGENE TEAGLE,

      Petitioner-Appellant,

v.

RON CHAMPION,

      Respondent-Appellee.

No.  01-7003
(D.C. No. 99-CV-72-B)
(E.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Petitioner seeks review of the district court's decision denying his petition

for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  He claims

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

entitlement to his immediate release from state custody, contending that the State has incorrectly calculated his earned credits based on jobs he performed while incarcerated in the 1980s. He contends that if properly counted, based on where he worked during some of that time, the credits would suffice for his release. In order to proceed with an appeal from the denial of a petition for writ of habeas corpus, petitioner must first obtain a certificate of appealability (COA). See 28 U.S.C. § 2253(c)(1)(A). [1] We grant the COA and remand the matter for dismissal without prejudice to permit petitioner to exhaust his state remedies.

Petitioner was sentenced to thirty-five years' imprisonment for robbery with firearms, after former conviction of a felony. He began serving his sentence in April of 1980 and was released on parole in December of 1988. In 1995, he pleaded guilty in New York to second degree grand larceny, and he spent about a year in prison there. He was paroled and returned to the Oklahoma system in March of 1996 as a parole violator.

In the interim, his consolidated record card, which recorded time served, credits earned, levels of supervision, and other information, had been lost and had

---

[1] We note at the outset that because petitioner does not challenge his conviction, but merely the execution of his sentence, the cause of action should have been treated as arising under 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). A state prisoner proceeding under § 2241 must also obtain a certificate of appealability in order to proceed with his appeal. See id. at 867.

to be recreated.  As a result, a statement was generated reflecting that from 1980 until his parole in 1988 he had accumulated 3,171 days time served and 2,685 days earned credit (total 5,856), which, when subtracted from 12,783 days (thirty-five years), left him with 6,927 days remaining to be served at the time he was paroled.  According to the State, this data was entered into a computer in March of 1988, before his release on parole.

Petitioner alleges that the data is inaccurate because it fails to account for the fact that some of the jobs he held during his first period of incarceration earned him a higher rate of credit than the number of days the reconstructed record card shows.  Specifically, he states that the reconstructed card shows an average of twenty-two earned credits per month (one day's credit for each day worked), when, in fact, he held particular jobs during some of that time which entitled him to two or three days' credit for each day worked.  He claims he is entitled to the higher number because of the credit scheme in effect when his crime was committed.   See Ekstrand v. State , 791 P.2d 92, 95 (Okla. Crim. App. 1990) (prisoners disadvantaged by amended credit earnings statutes entitled to credits allotted under statute in effect when crime committed).

Apparently petitioner was able to establish that he had worked for some period of time in the early 1980s for the Oklahoma State Industries at a canning factory, which he claims entitles him to more credits than he received.  However,

-3-

the actual dates of his employment there are apparently unknown, and no records relating to this work exist anymore either. Nonetheless, petitioner does have a liberty interest in the credits. See Waldon v. Evans, 861 P.2d 311, 313 (Okla. Crim. App. 1993).

In denying relief, the district court simply recited the facts as set forth by the State and noted that petitioner had not offered a "correct" calculation of his own to counter that of the State. Petitioner then filed a Fed. R. Civ. P. 59(e) motion to which he attached his own calculations, but the district court summarily denied the motion.

A prisoner seeking relief under § 2241 must exhaust state remedies. Montez, 208 F.3d at 866 ("a habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254" (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991))). [2] Although he did seek relief by way of administrative remedies through the prison system, petitioner candidly admits he did not try to exhaust state judicial remedies. Where, as here, entitlement to immediate release is involved, Oklahoma permits challenges to earned credits by way of habeas corpus. See Canady v. Reynolds, 880 P.2d 391, 400 (Okla. Crim. App. 1994); Ekstrand, 791 P.2d at 95. Petitioner states that

_____

[2]    In both motions to dismiss the habeas petition filed in district court, the State noted that petitioner had not filed an appeal or sought post-conviction relief in state court. R. Vol. I doc. 15 at 2; id. doc. 25 at 2.

-4-

pursuing his state court remedies would be futile; however, the mere recitation of futility is not sufficient. Exhaustion is required unless there is "no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Beavers v. Saffle, 216 F.3d 918, 924 n.3 (10th Cir. 2000) (further quotation omitted); see also Wallace v. Cody, 951 F.2d 1170, 1172 (10th Cir. 1991) (recognizing exhaustion would be futile where claim was for "speedier release," as opposed to immediate release).

Because we are not convinced that this petition is meritless, we exercise our discretion and hold that the administration of justice would be better served in this case by requiring petitioner to exhaust his state remedies. See Granberry v. Greer, 481 U.S. 129, 131 (1987). If petitioner can establish entitlement to more credit by virtue of specific jobs held during his 1980s incarceration than his recreated record card shows and therefore to immediate release, he has a remedy in state court. See Ekstrand, 791 P.2d at 95; Canady, 880 P.2d at 400. Thus, in this case we are guided by considerations of comity and federalism favoring strict adherence to the exhaustion doctrine. See Granberry, 481 U.S. at 134-35. On remand, the district court should dismiss this matter without prejudice for failure to exhaust state remedies. After exhausting his state remedies, petitioner is free to file a new federal habeas petition.

The application for a certificate of appealability is GRANTED. The judgment of the district court is VACATED, and the matter is REMANDED to the district court for further proceedings in accordance with this order. Petitioner's motion to supplement the record with the attachment to his Rule 59(e) motion is granted.

Entered for the Court

Robert H. Henry
Circuit Judge
