**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2003**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

STEPHEN GONZALES,

    Petitioner - Appellant,

v.

WARDEN, El Dorado Correctional
Facility; ATTORNEY GENERAL OF
THE STATE OF KANSAS,

    Respondents - Appellees.

No. 02-3309
D.C. No. 01-CV-3381-DES
(D. Kansas)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Stephen Gonzales filed a habeas corpus petition alleging that his good time

credits were revoked in violation of the ex post facto clause, and that he had been

denied access to a prison law library.  Mr. Gonzales characterized his petition as

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore submitted without oral argument.  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

filed pursuant to § 2254 but the district court correctly treated it, in part, as filed under § 2241 to the extent it challenged the execution of his sentence. *See Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000). The court noted that Mr. Gonzales' complaint about access to a law library is a § 1983 claim. The district court dismissed the habeas claim for Mr. Gonzales' failure to exhaust his remedies in state court, and dismissed the § 1983 claim as inappropriately brought in a habeas action. We agree with the district court's analysis and therefore deny the request for a certificate of appealability and dismiss the appeal.

This case was originally referred to a magistrate judge, who ordered Mr. Gonzales to show cause why the case should not be dismissed for failure to exhaust his state remedies before pursuing his habeas petition in federal court. At the same time, the magistrate judge advised Mr. Gonzales that the second half of his claim would have to be brought in a § 1983 action, rather than as a habeas petition, and only after exhaustion of his prison administrative remedies. In response to the show cause order, Mr. Gonzales argued that he believed it would be futile to pursue his state court remedies because a prison legal advisor had advised him that he was not entitled to relief.

The magistrate judge recommended, and the district court agreed, that the case should be dismissed for failure to exhaust, and that Mr. Gonzales was mistaken in believing the advice from the prison legal advisor was sufficient to

demonstrate the futility of pursuing his claims first in state court. It also noted that the denial of access claim was not cognizable in a habeas corpus petition. The district court agreed and dismissed the petition. The court stated, "Petitioner's attempt to equate prison administrative remedies with the remedies afforded in the state courts through a state habeas corpus petition is misguided, and provides no support for his claim that exhaustion of state court remedies was ineffective or unavailable under the circumstances." Rec., doc. 13 at 1-2.

Under *Montez v. McKinna*, a state prisoner bringing a § 2241 claim must be granted a certificate of appealability (COA) prior to being heard on the merits of the appeal. *See* 208 F.3d at 867.[1] A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Because Mr. Gonzales must first raise his claim regarding good time credit in state court, which he has not done, he does not meet the test for the grant of a COA.

To the extent Mr. Gonzales attempts to raise his claim regarding denial of access to a law library, we agree with the district court that he must file a § 1983 action and establish that he has exhausted his prison administrative remedies.

---

[1] Because the district court did not act on Mr. Gonzales' request for a COA, it is deemed denied by that court. Pursuant to Federal Rule of Appellate Procedure 22(b), however, Mr. Gonzales' notice of appeal is deemed a renewed application to this court for a COA.

Accordingly, we **DENY** Mr. Gonzales' application for a COA and

**DISMISS** this appeal.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge