FILED
United States Court of Appeals
Tenth Circuit

December 4, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DEREK W. BARRINGER,

      Petitioner-Appellant,

v.

KEVIN WILYARD,
Warden, Sterling Correctional Facility,

      Respondent-Appellee.

No. 07-1067
(D.C. No. 06-cv-2462-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH** and **HOLMES**, Circuit Judges.

Petitioner-Appellant Derek Barringer, proceeding pro se,[1] seeks a

certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1) to

challenge the district court's dismissal of his 28 U.S.C. § 2241 motion. We have

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Reviewing Mr. Barringer's

---

[*]      This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1. After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]      Because Mr. Barringer is proceeding pro se, we review his pleadings
and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard
v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

filings liberally, we hold that no reasonable jurist could conclude that the district court's denial was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we **DENY** Mr. Barringer's application for a COA and **DISMISS** his appeal.

## I. BACKGROUND

Mr. Barringer filed a section 1983 claim, arguing that although a state court had ordered his sentence on a state conviction to run concurrently with his federal sentence, the Colorado Department of Corrections ("DOC") had not administered his sentence in a manner consistent with that order. Mr. Barringer apparently was already serving a prison term in a Colorado penal facility when he committed the offense resulting in the state conviction and sentence at issue. Mr. Barringer objected to the DOC's calculation of the appropriate date to release him to federal custody. Before filing this action, Mr. Barringer had previously filed two grievances with the DOC seeking a change in his release date, which were denied as non-grievable.

The district court interpreted his filing as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district court directed Mr. Barringer to resubmit his claim on court-approved forms for a § 2241 application and he did so.[2]

---

[2] Section 2241 was clearly the appropriate vehicle for Mr. Barringer's claim. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("A
(continued...)

The district court subsequently issued a show-cause order directing Mr. Barringer to explain why his application should not be denied for failure to exhaust state court remedies. In his response, Mr. Barringer noted that he is only challenging how the state has handled his sentence and, consequently, there are no state remedies that he could have sought. The district court dismissed Mr. Barringer's claim, reasoning that he failed to exhaust state court remedies. In so doing, the district court cited *Miranda v. Cooper*, 967 F.2d 392 (10th Cir. 1992), noting that a state prisoner has the burden in bringing a federal habeas action of showing that all state court remedies have been exhausted. Concluding that filing grievances with the DOC did not satisfy the exhaustion requirement, the district court dismissed Mr. Barringer's claim without prejudice.

Mr. Barringer filed a notice of appeal. The district court denied Mr. Barringer's requests for a COA and to proceed in forma pauperis ("IFP"). Mr. Barringer then filed this application for a COA and a motion to proceed IFP. He later filed a motion for appointment of counsel.

---

[2](...continued)
prisoner may use § 1983 to challenge the *conditions* of his confinement, but habeas corpus is the only avenue for a challenge to the *fact* or *duration* of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement."); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir.1993) (citation omitted))).

## II. DISCUSSION

Mr. Barringer claims he has exhausted his state remedies. He cites the Prison Litigation Reform Act ("PLRA"), arguing that this statute required him to use the prison grievance system and, because he did so, he has exhausted his state remedies. Mr. Barringer's argument is misguided.

Unlike actions contesting conditions of confinement under 42 U.S.C. § 1983, the PLRA's specific exhaustion rules do not apply in this situation, even though general exhaustion principles relating to state remedies—particularly judicial remedies—do. *Compare Whitington v. Ortiz*, 472 F.3d 804, 807 (10th Cir. 2007) (discussing the purposes of PLRA's exhaustion requirements as to § 1983 prisoner lawsuits), *and* 42 U.S.C. § 1997(e)(a) (PLRA provision stating that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"), *with Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (noting that the exhaustion doctrine is principally aimed at protecting the role of state courts in the enforcement of federal law and precluding disruption of state judicial proceedings, and stating, "[t]his Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"), *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2005) (*without* reference to PLRA, noting that § 2241

petitioners are "generally required to exhaust state remedies"), *and Binford v. Berkebile*, No. 3:06-CV-0605-B ECF, 2007 WL 2059732, at \*4 n.5 (N.D. Tex. July 17, 2007) ("[P]etitions under 28 U.S.C. § 2241 are *not* subject to the statutory requirement of exhaustion of remedies applicable to civil actions in which a prisoner challenges the conditions of his or her confinement, *i.e.*,42 U.S.C. § 1997e. That fact, however, has no bearing on the exhaustion requirements for § 2241, which arise from federal case law rather than a statute." (emphasis added)).

Like other habeas petitioners, a § 2241 petitioner fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, we have stated that this requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "However, that requirement is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile." *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005); *see Beaver v. Saffle*, 216 F.3d 918, 924 n.3 (10th Cir. 2000) ("'An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.'" (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam))).

A state prisoner bringing a habeas action "bears the burden of showing that he has exhausted available state remedies." *Miranda*, 967 F.2d at 398; *see Bond v. State*, 546 F.2d 1369, 1377 (10th Cir. 1976) ("The burden of showing exhaustion of state remedies in accordance with the statute rests on the petitioner seeking federal habeas relief."). Mr. Barringer has not offered any argument or evidence indicating that he sought review by state courts. Nor has Mr. Barringer made a showing that seeking relief in state court would be futile because there is no adequate state mechanism to provide it. *See Henry v. Patterson*, 363 F.2d 443, 443 (10th Cir. 1966) (affirming the denial of a writ of habeas corpus when it appeared that the prisoner had a state remedy still available). Indeed, an attempt by Mr. Barringer to make such a futility showing may have been unavailing. Although we need not opine definitively on the point, our review of Colorado's legal remedies suggests that there may have been doors open to Mr. Barringer for relief, specifically under Colorado's declaratory judgment provisions. *See Collins v. Gunter*, 834 P.2d 1283, 1286 (Colo. 1992) (en banc) (where Colorado prisoner "challenged DOC's recomputation of his parole eligibility on his life sentences" and the Colorado Attorney General made a "concession" that the prisoner's lawsuit should be treated as a declaratory judgment action); *Vashone-Caruso*, 29 P.3d 339, 340 (Colo. Ct. App. 2001) ("Plaintiff, who has been incarcerated in the DOC for over thirty years, sought a declaration that the DOC had miscalculated his parole eligibility date."); Colo. R. Civ. P. 57 (declaratory judgments). Be that

as it may, Mr. Barringer did not even attempt to make the requisite showing of futility.

At bottom, Mr. Barringer has elected to rely on his continual protestations that there is no remedy available in the state courts. However, that is not enough. *See Teagle v. Champion*, 21 F. App'x 790, 792 (10th Cir. 2001) ("Petitioner states that pursuing his state court remedies would be futile; however, the mere recitation of futility is not sufficient."); *Gonzales v. Warden*, 55 F. App'x 879, 880 (10th Cir. 2003) (rejecting petitioner's attempt to equate prison administrative remedies with state court remedies and, more specifically, his argument that "it would be futile to pursue his state court remedies because a prison legal advisor had advised him that he was not entitled to relief").

Finally, because Mr. Barringer's appeal is lacking in merit and, more specifically, because he has failed to show the existence of a reasoned, nonfrivolous argument on the law and supporting facts, we exercise our discretion to deny his motions for appointment of counsel and to proceed IFP. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) (upholding denial of leave to proceed IFP and noting that petitioner "has not made a reasoned, nonfrivolous argument in law or fact to support his petition"); *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991) (noting that the decision of whether to appoint counsel is left to the discretion of the court); *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) ("The burden is upon the applicant to convince the

court that there is sufficient merit to his claim to warrant the appointment of counsel.").

For the reasons stated above, Mr. Barringer's request for a COA and his motions for appointment of counsel and to proceed IFP are **DENIED**, and his appeal is **DISMISSED**.[3]

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[3] We also deny as moot Mr. Barringer's pending request for a writ of mandamus, which seeks a decision regarding the instant appeal.