**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOE FLOYD FULLER, SR.,

      Petitioner - Appellant,

v.

TED BAIRD; STATE OF KANSAS;
STEPHEN N. SIX, Kansas Attorney
General,[*]

      Respondents - Appellees.

No. 08-3122
(D.C. No. 08-CV-3059-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

      Petitioner-Appellant Joe Floyd Fuller, a pretrial detainee in the Johnson County

Jail in Olathe, Kansas, seeks a certificate of appealability ("COA") in order to challenge

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Paul Morris has been replaced by Stephen N. Six as the Attorney General for the State of Kansas.

[**] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

the district court's dismissal on exhaustion grounds of his petition for writ of habeas corpus.[1]  Mr. Fuller claims that he is being detained without probable cause.  However, he failed to exhaust the available state court remedies before filing his petition.  Accordingly, we find that no reasonable jurist could conclude that the district court's dismissal was incorrect.   Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we **DENY** Mr. Fuller's application for a COA and **DISMISS** his appeal.

## I.  BACKGROUND

Mr. Fuller is currently awaiting trial in Johnson County, Kansas.  He filed a pro se petition for writ of habeas corpus,[2] claiming that he is being held in violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.  According to his petition, Mr. Fuller was arrested in December 2007 and has been held in custody ever since, without having received a probable cause hearing.  He also alleges that the prosecutor committed perjury

---

[1]      Because Mr. Fuller is proceeding pro se, we review his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2]      Mr. Fuller filed his petition pursuant to 28 U.S.C. § 2254.  However, since Mr. Fuller is a pretrial detainee, his petition should have been filed pursuant to 28 U.S.C. § 2241.  *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section . . . 2241 is a vehicle for challenging pretrial detention. . . .  A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence."); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[Section] 2241 is the proper avenue by which to challenge pretrial detention.").  The district court treated the petition as if it had been properly filed under section 2241. R., Vol. I, Doc. 3, at 1-2 (Order, dated April 11, 2008).  We will do the same. *See Castro v. United States*, 540 U.S. 375, 377 (2003) (recognizing the "longstanding practice" of treating pro se habeas petitions as if they had been filed under the proper section); *see also* Aplt. Br. at 4 (requesting that we "over look[]" the fact that he misfiled his petition).

by knowingly filing false charges against him. In his petition before the district court, Mr. Fuller conceded that he had not presented his claims to the Kansas Supreme Court. R., Vol. I, Doc. 1, at 12 (Petition for Writ of Habeas Corpus, dated Feb. 22, 2008). He justified this omission by claiming that the federal courts are "the only court[s] with jurisdiction to hear these issues." *Id.* The district court dismissed the petition on the grounds that Mr. Fuller failed to exhaust the available state remedies. It also denied his request for a COA. This appeal followed, in which Mr. Fuller has filed both an application for a COA and a brief on the merits.

## II. DISCUSSION

A state prisoner may only appeal the denial of a petition for writ of habeas corpus after receiving a COA from either this Court or the district court. 28 U.S.C. § 2253(c)(1)(A); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (holding that a COA is a "jurisdictional prerequisite"); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies to all "challenges related to the incidents and circumstances of any detention pursuant to state court process under § 2241"). In order to receive a COA, a prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the petition is denied on procedural grounds, the prisoner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It has long been settled that "a state prisoner must normally exhaust available state

judicial remedies before a federal court will entertain his petition for habeas corpus."

*Picard v. Connor*, 404 U.S. 270, 275 (1971); *see Ex parte Royall*, 117 U.S. 241, 252-53

(1886); *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). This generally requires,

absent extraordinary circumstance, that the claim be properly presented to the highest

state court. *See Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999). Mr. Fuller

conceded that he has not sought relief from the Kansas Supreme Court.[3] His assertion

---

[3]   In his application for a COA, Mr. Fuller now denies having made such a concession. He asserts that "[t]he District Court never ask[ed] if [he] had exhausted any state court remedies." COA Application at 3. This claim is fatally flawed in two respects. First, Mr. Fuller misconceives the charge of the district court. The court is under no obligation to ask whether a prisoner litigant has satisfied the requirements of § 2241. Mr. Fuller "bears the burden of showing that he has exhausted available state remedies." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). He has not met that burden. In fact, he offered no evidence to the district court that he ever presented his claims to the Kansas Supreme Court. Second, his factual assertion is contradicted by the record. Mr. Fuller submitted a form petition which specifically asked if "all grounds for relief that you have raised in this petition [have] been presented to the highest state court having jurisdiction." R., Vol. I, Doc. 1, at 12. Mr. Fuller checked the box indicating that he had not. When asked to explain why he had not, he wrote that "[t]his is the only court with jurisdiction[] to hear these issues." *Id.*

Mr. Fuller now seeks to refute his prior statement by claiming that he "did file a Writ of Habeas Corpus in [the state criminal cases] on feb. [sic] 29, 2008." COA Application at 3. Although it is not clear from the application, we will give Mr. Fuller the benefit of the doubt and assume that he is referring to a filing with the Kansas Supreme Court. Even so, Mr. Fuller has once again failed to produce any evidence to support this claim. His bald assertion that he filed a petition, unsupported by any court records, is insufficient to prove that he exhausted his claims. *See Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) (affirming the dismissal of a habeas petition, in part, because the defendant offered "[n]o evidence of exhaustion of state remedies"); *cf. Barringer v. Wilyard*, No. 07-1067, 2008 WL 5087672, at *2-3 (10th Cir. Dec. 4, 2008) (unpublished) (noting that when a prisoner "has not offered any argument or evidence indicating that he sought review by state courts," his "elect[ion] to rely on his continual protestations that there is no remedy available in the state courts" is "not enough").

that only the federal courts have jurisdiction to address his constitutional claims is wholly without merit. Therefore, the district court was unquestionably correct in dismissing Mr. Fuller's petition for writ of habeas corpus. No reasonable jurist would have done otherwise.

## III. CONCLUSION

For the foregoing reasons, we **DENY** Mr. Fuller's application for a COA and **DISMISS** his appeal.

Entered for the Court

Jerome A. Holmes
Circuit Judge