FILED
United States Court of Appeals
Tenth Circuit

April 6, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CHESTER L. BIRD,

Petitioner - Appellant,

v.

BARBARA LeMAITRE, Chairman,
Wyoming Department of Corrections
Parole Board,

Respondent - Appellee.

No. 09-8087
(D. Ct. No. 2:08-CV-00200-WFD)
(D. Wyo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The

case is therefore ordered submitted without oral argument.

Chester L. Bird, a Wyoming state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal from the dismissal of his habeas petition, which the

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court construed as arising under 28 U.S.C. § 2241. We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Bird's request for a COA, and DISMISS this appeal.

## I. BACKGROUND

In 1994, Mr. Bird pleaded guilty in Wyoming state court to kidnaping and sexual assault and was sentenced to two concurrent life sentences. On September 11, 2008, he filed the instant habeas petition under 28 U.S.C. § 2254. In the petition, Mr. Bird alleges that subsequent to his conviction and sentencing, the Wyoming Parole Board ("WPB") made several substantive changes to its practices and policies regarding commutation recommendations. Specifically, Mr. Bird states that when he was convicted, the applicable rules provided that the WPB may recommend commutation of a sentence to the governor when, in the WPB's discretion, an inmate's behavior has been so meritorious as to warrant special recognition. Since that time, however, the WPB has limited its discretion to recommend commutation applications to the governor. Mr. Bird argues that these rule changes render his guilty pleas unknowing and involuntary in violation of the Due Process Clause of the Fourteenth Amendment, and that they retroactively increase the punishment for his crimes in violation of the Ex Post Facto Clause. After construing Mr. Bird's petition as one arising under § 2241 rather than § 2254, the district court denied the petition on the merits.

## II. DISCUSSION

Mr. Bird first contends that his petition was properly filed as one under § 2254 and that the district court erred in construing it under § 2241. A state prisoner may seek a writ

of habeas corpus under § 2254 when he challenges the legality of the sentence he is currently serving. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). A challenge to the execution of a particular sentence, however, is properly brought under § 2241. *See id.* at 833. We agree with the district court that Mr. Bird's petition concerns the execution of his sentence and thus find no error in the court's construction of the petition as arising under § 2241. Moreover, we note that had the court construed the petition under § 2254 as Mr. Bird urges, the petition may well have been barred as an unauthorized second or successive petition because Mr. Bird has previously filed a § 2254 petition, *see Bird v. Everett*, 215 F.3d 1336 (10th Cir. 2000) (unpublished table decision), and because he has not stated why he should be permitted to file another § 2254 petition. *See In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir. 2009) ("Congress has placed limits on second or successive 28 U.S.C. § 2254 applications and § 2255 motions, allowing them to proceed only in specified circumstances and only with a circuit court's prior authorization." (citing 28 U.S.C. § 2244(b))).

In any event, a state petitioner may not appeal from a final order denying a § 2241 or a § 2254 petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). When, as is the case here, the district court denies the petition on the merits, we will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1] Mr.

---

[1]The district court also suggested that it could deny the petition on procedural grounds because the named respondent, Barbara LeMaitre, is the chairperson of the WPB and not the person who has custody of Mr. Bird. *See Rumsfeld v. Padilla*, 542 U.S. 426,

Bird has not made this requisite showing.

Mr. Bird's claims premised on the Due Process Clause fail because he cannot show the deprivation of a constitutionally protected liberty or property interest. *See Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1570 (10th Cir. 1993) ("The threshold requirement [for a due process claim] is a sufficient allegation by the plaintiff that the plaintiff possesses a liberty or property interest."). To have a liberty or property interest that is cognizable under the Due Process Clause, Mr. Bird "must have more than a unilateral expectation of it." *Id.* Indeed, "he must have a legitimate claim of entitlement to it." *Id.* Furthermore, "[t]he mere expectation of receiving a state afforded process does not itself create an independent liberty interest protected by the Due Process Clause." *Id.* Rather, the state must also mandate the outcome to be reached upon a finding that relevant criteria are met. *Id.*; *see also Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005) (citing *Jago v. Van Curen*, 454 U.S. 14 (1981) for the proposition that "no liberty interest in the expectancy of parole is created under a statute in which parole is

---

434–35 (2004). Because the district court proceeded to consider Mr. Bird's claims on the merits, however, we will do so as well.

In addition, we note that a petitioner seeking relief under § 2241 is generally required to exhaust state court remedies. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). Citing Wyo. Stat. Ann. § 7-13-402(f), which generally prohibits judicial review of the WPB's policies and decisions, the district court concluded that exhaustion would likely prove futile in this case and thus proceeded to the merits. *See Beavers v. Saffle*, 216 F.3d 918, 924 n.3 (10th Cir. 2000). We need not address this question and we also turn to the substance of Mr. Bird's contentions. *See Clayton v. Gibson*, 199 F.3d 1162, 1170 (10th Cir. 1999) ("The exhaustion requirement [for § 2254 and § 2241 petitions] is not jurisdictional").

discretionary").

Mr. Bird contends that he has a constitutionally protected interest in being considered for a commutation. We, however, agree with the district court that:

> [t]he Wyoming legislature has granted inmates only a right to be considered for parole. *See Dorman v. State*, 665 P.2d 511, 513 (Wyo. 1983). The legislature has created no right to commutation of a sentence. Therefore, because commutation is a matter of grace and not a right, Mr. Bird has no actionable claim.

Accordingly, reasonable jurists could not debate the district court's resolution of Mr. Bird's due process claims.

Regarding Mr. Bird's Ex Post Facto claim, we agree entirely with the district court's analysis and adopt it in full. In short, because Wyoming vests commutation decisions entirely within the discretion of the governor, any changes to the commutation recommendation process cannot pose a significant risk that Mr. Bird's incarceration will be lengthened. *See Cal. Dep't of Corrs. v. Morales*, 514 U.S. 499, 509 (1995) (controlling inquiry under the Ex Post Facto analysis is "whether [the change in the law] produces a sufficient risk of increasing the measure of punishment attached to the covered crimes"; a "speculative and attenuated possibility" of increased punishment is insufficient to establish a violation). Therefore, Mr. Bird's Ex Post Facto claim is also without merit.

### III. CONCLUSION

For the foregoing reasons, Mr. Bird's request for a COA is DENIED and his

appeal is DISMISSED.  We GRANT his request to proceed in forma pauperis on appeal.


ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge