**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAITHIELE JON ROBINSON,

    Petitioner - Appellant,

v.

EDDY RICE, Okmulgee County Sheriff,

    Respondent - Appellee.

No. 18-7065
(D.C. No. 6:18-CV-00099-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Petitioner Raithiele Jon Robinson, a pretrial detainee at Moore Detention

Center (commonly known as the Okmulgee County Jail), filed a habeas petition

pursuant to 28 U.S.C. § 2241.  He seeks dismissal of his pending state criminal

charges and release from custody.  The petition asserts four grounds for relief:[1]

    (1)  Unlawful search and arrest and/or *Miranda* violations.

    (2)  Defects in the state court charging document.

    (3)  Speedy trial violation.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] These grounds for relief are not clearly articulated, so we paraphrase.

(4) The state of Oklahoma lacks jurisdiction because Robinson is a member of the Muscogee (Creek) Nation and the alleged crimes took place on Muscogee (Creek) land.

ROA at 9–11. The petition also asserts that Robinson's state-appointed attorney "only comes to court," "has not visited [Robinson] ever at the jail to discuss [his] case," and "doesn't return [Robinson's] letters" or his family's phone calls. *Id.* at 11.

The district court dismissed the petition for failure to exhaust state court remedies. ROA at 204–05. The district court also concluded that it was required to abstain from interfering in the pending state criminal prosecution under *Younger v. Harris*, 401 U.S. 37 (1971). *Id.* at 205–06. Finally, the district court found that Robinson had not shown that he was entitled to a certificate of appealability. *Id.* at 206.

I.

A state prisoner pursuing a § 2241 petition must obtain a certificate of appealability before he can be heard on the merits of his appeal. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). When a district court denies a habeas petition on procedural grounds, a COA cannot issue unless the prisoner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

2

The district court correctly dismissed Robinson's petition on procedural grounds. A habeas petitioner seeking relief under § 2241 must exhaust available state remedies. *Montez*, 208 F.3d at 866; *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). The petitioner bears the burden of showing that he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (unpublished).

Robinson has not met his burden of showing that he has exhausted available state remedies. A review of the electronic docket in Robinson's criminal case (case no. CF-2016-00480A) suggests that Robinson has not presented most of his claims to the Oklahoma district court, nor exhausted what appellate remedies might be available.[2] The sole exception is Robinson's jurisdictional argument, which is currently pending before the district court. Robinson does not allege that he has pursued his claims by any other means which are not reflected in the criminal docket. Nor does Robinson explain why the normal avenues for relief in state court—such as motions before the trial court, appeal, and the state writ of habeas corpus—are unavailable or inadequate to vindicate his rights. *See, e.g.*, *Beavers v. Saffle*, 216 F.3d 918, 924 n.3 (10th Cir. 2000) (noting that exhaustion is not required when there is "no opportunity to obtain redress in state court if the corrective process is so clearly deficient as to render futile any effort to obtain relief") (quoting *Duckworth v.*

---

[2] We "exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

*Serrano*, 454 U.S. 1, 3 (1981) (per curiam)); *cf. Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

Robinson's sole argument on appeal regarding exhaustion is that the exhaustion requirement does not apply to § 2241 petitions brought by pretrial detainees. Aplt. Br. at 9–10. Binding precedent compels rejection of that argument. *See Montez*, 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *Wilson*, 430 F.3d at 1118 ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies."); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973) (applying exhaustion requirement to state pretrial detainee's § 2241 petition).

Finally, Robinson's assertion in his habeas petition that his attorney is inattentive, *see* ROA at 11, cannot excuse his failure to exhaust, at least for now. Although ineffective assistance of counsel can sometimes establish cause and prejudice for procedural default, the ineffective-assistance claim must itself be exhausted before it can provide "cause" for procedural default. *Murray v. Carrier*, 477 U.S. 478, 489 (1986); *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000). Robinson has not demonstrated that he has exhausted any potential ineffective assistance claim.

In short, no reasonable jurist would debate that Robinson has failed to show that he has exhausted available state court remedies or that exhaustion would be

4

futile.  Because "jurists of reason would" not "find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484, we **DENY** Robinson's application for a certificate of appealability.[3]

Entered for the Court

Allison H. Eid
Circuit Judge

---

[3] Because we hold that the petition was correctly dismissed on exhaustion grounds, we need not address the district court's alternative holding that *Younger* abstention is warranted.