**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DERRICK R. PARKHURST,

    Petitioner - Appellant,

v.

MICHAEL PACHECO, Wyoming
Department of Corrections State
Penitentiary Warden, in his official
capacity; WYOMING ATTORNEY
GENERAL,

    Respondents - Appellees.

No. 20-8027
(D.C. No. 2:20-CV-00072-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.[**]
_____

Petitioner Derrick Parkhurst, a Wyoming state prisoner proceeding pro se, seeks

to appeal the district court's dismissal of his habeas petition brought under 28 U.S.C.

§ 2241. To do so, Petitioner must first obtain a certificate of appealability (COA).

*Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000); 28 U.S.C. § 2253(c)(1)(A).

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

For the reasons explained below, no reasonable jurist could conclude that the district court's dismissal was incorrect. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Petitioner's application for a COA and dismiss this matter.

Petitioner is a prisoner in the custody of the Wyoming Department of Corrections. He recently filed a habeas petition under 28 U.S.C. § 2241, alleging his continued confinement is hazardous to his health in light of the COVID-19 pandemic. In addition to arguing for his release from custody (along with the release of other prisoners who meet certain criteria), Petitioner requests a $2,500 living stipend and unemployment compensation upon his release. In his petition before the district court, Petitioner conceded he had not exhausted state remedies. He justified this omission by claiming relief in the Wyoming state courts takes too much time to obtain.

The district court dismissed the petition for lack of jurisdiction because Petitioner failed to exhaust his available state court and administrative remedies. Specifically, the court concluded that Petitioner neither showed state court remedies would be futile nor explained why he had not sought relief through the Wyoming Department of Corrections' administrative procedures. The district court also noted that—even if he had exhausted state remedies—Petitioner did not state how he believes his custody violates the Constitution or other federal law, and he failed to provide any legal basis for the requested relief. A couple weeks after dismissing the petition, the district court denied Petitioner's request for a COA. This appeal followed, in which Petitioner has filed a combined application for COA and brief on the merits.

2

We review de novo the district court's dismissal of a § 2241 petition and review factual findings for clear error. *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010). When, like here, a district court denies a habeas petition on procedural grounds, a COA cannot issue unless the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In considering these two components, a court may dispose of a COA application solely on procedural grounds when the answer to the procedural issue is "more apparent from the record and arguments." *Id.* at 485.

A petitioner seeking relief under § 2241 must exhaust available state remedies before a federal court will entertain his petition for habeas corpus. *Montez*, 208 F.3d at 866; *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). The exhaustion of state remedies includes both state court and administrative remedies. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). Although exhaustion is generally a prerequisite for § 2241 habeas relief, it is not a jurisdictional requirement. *See Clayton v. Gibson*, 199 F.3d 1162, 1170 (10th Cir. 1999) ("The exhaustion requirement is not jurisdictional, however, and may be waived by the state or avoided by the petitioner if an attempt to exhaust would be futile."); *see also Brennan v. United States*, 646 F. App'x 662, 665 n.6 (10th Cir. 2016) (unpublished) (explaining exhaustion of administrative remedies is not jurisdictional); *Bird v. LeMaitre*, 371 F. App'x 938, 940 n.1 (10th Cir. 2010) (unpublished) (noting exhaustion of state court remedies is not jurisdictional).

To exhaust state judicial remedies, a petitioner "must have first fairly presented the substance of his federal habeas claim to state courts." *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). Similarly, a habeas petitioner must exhaust administrative remedies unless prison officials have prevented, thwarted, or hindered his attempts to avail himself of such remedies. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The petitioner bears the burden of showing he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (unpublished).

Although the district court here mischaracterized Petitioner's failure to exhaust available state remedies as a jurisdictional limitation, it correctly dismissed the petition on procedural grounds. Petitioner concedes he has not sought relief in the Wyoming state courts. And his assertion that state judicial remedies are effectively unavailable because a Wyoming state court inefficiently handled and ultimately dismissed two identical actions concerning unrelated claims is wholly without merit. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam) ("An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."). Petitioner also has not acknowledged, much less assigned any error to, the district court's holding regarding his failure to exhaust administrative remedies. Even construing Petitioner's pro se application liberally, *see Childs v. Miller*, 713 F.3d 1262,

4

1264 (10th Cir. 2013), we conclude that he fails to meet his burden of showing exhaustion of available state remedies would be futile.

In short, no reasonable jurist would debate that Petitioner has failed to demonstrate he has exhausted available state remedies or exhaustion would be futile. Because "jurists of reason would" not "find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484, we DENY Petitioner's application for a COA and DISMISS this matter.

Entered for the Court


Bobby R. Baldock
Circuit Judge

5