FILED
United States Court of Appeals
Tenth Circuit

August 18, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DELANO MEDINA,

     Petitioner - Appellant,

v.

DEAN WILLIAMS,

     Respondent - Appellee.

No. 20-1193
(D.C. No. 1:20-CV-01307-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

     Applicant Delano Medina seeks a certificate of appealability (COA) to appeal the

dismissal by the United States District Court for the District of Colorado of his

application for relief under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869

(10th Cir. 2000) (28 U.S.C. § 2253(c)(1)(A) requires COA for state prisoner to appeal

denial of relief under § 2241). We deny a COA and dismiss the appeal.

     Applicant is a state prisoner incarcerated at the Colorado Territorial Correctional

Facility (CTCF). On May 8, 2020, he filed an application for relief under § 2241

contending (1) that his rights under the First and Fourteenth Amendments are being

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violated because he is being denied access to the prison law library as a result of a lockdown related to the COVID-19 pandemic, and (2) that his confinement during the pandemic violates his rights under the Eighth Amendment.

The district court construed the application as challenging only conditions of Applicant's confinement, rather than its fact or duration. It therefore ruled that a § 2241 application was not the proper vehicle for Applicant's claims, dismissed the application without prejudice to the refiling of a civil-rights action under 42 U.S.C. § 1983, and denied a COA. Applicant now seeks a COA from this court.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, as was the case here, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this court Applicant contends that his claims are properly raised through habeas proceedings. At the same time, though, he seems to concede that "the issue of denying a

2

law library is properly brought under . . . 1983." Aplt. Br. at 2. As for his Eighth Amendment claim, Applicant urges that habeas relief should be available to protect inmates from the health risks posed by COVID-19.

Applicant's law-library claim clearly relates to the conditions of his confinement, not the fact or duration of his sentence, and the district court thus correctly concluded that this claim cannot be brought in federal habeas proceedings. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)—not through federal habeas proceedings."); *Gonzales v. Warden*, 55 F. App'x 879, 880 (10th Cir. 2003) ("To the extent Mr. Gonzales attempts to raise his claim regarding denial of access to a law library, we agree with the district court that he must file a § 1983 action. . . .").

Applicant's Eighth Amendment claim is more complicated. For the most part it appears to object only to conditions of confinement, not the legality of custody, and therefore was properly dismissed. *See Standifer*, 653 F.3d at 1280. But the claim could be construed as also contending that in light of the pandemic he should be released from custody because there are *no conditions of confinement* that could adequately prevent an Eighth Amendment violation. At least one circuit court has held that such a claim can be raised through federal habeas proceedings. *See Wilson v. Williams*, 961 F.3d 829, 837–38 (6th Cir. 2020).

3

But even assuming that Applicant is making such a claim, the dismissal was still clearly correct. An applicant for relief under § 2241 has the burden of showing that he has exhausted available state remedies. *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) (requiring exhaustion for § 2241 claim); *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (prisoner has burden of showing exhaustion). To have exhausted state remedies, the applicant "must have first fairly presented the substance of his federal habeas claim to state courts," *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002), which includes presentation of the federal claim to the state's highest available court, *see Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999).

Applicant did not establish exhaustion during the district-court proceedings. He said that he had filed a state habeas petition that was denied by the Colorado district court (although we do not know what specific relief he sought), and that he had appealed that decision. But he said that the notice of appeal had been filed only on May 1, 2020, merely a week before he filed his § 2241 application. He has made no claim that state appellate review has been completed. His failure to show that he exhausted available state remedies bars him from seeking federal habeas relief.

No reasonable jurist would dispute the propriety of the dismissal of Applicant's § 2241 application.

4

We **DENY** a COA and **DISMISS** the appeal.  We also **DENY** Applicant's motion to proceed in forma pauperis.

Entered for the Court


Harris L Hartz
Circuit Judge